# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **RONALD P. YOUNG,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION FILE NO. |
| | ) 1-13-CV-00585-GBL-JFA |
| v. | ) |
| | ) |
| **CHS MIDDLE EAST, LLC,** | ) |
| | ) |
| Defendant. | ) |

## CHS MIDDLE EAST, LLC'S REPLY BRIEF
## IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Plaintiffs' anti-retaliation claim under the False Claims Act must be dismissed because there is no allegation of false or fraudulent billing against CHSME. Further, the alleged conduct fails to rise even to the level contractual non-compliance (which would not state an FCA claim in any event). Rather, the Complaint alleges "substandard performance" and "lack of written protocols." These vague performance-based allegations are not tethered to any contractual provision between CHSME and the Department of State.

Plaintiffs seek to confuse the issues before the Court by citing 2009 amendments to the False Claims Act, 31 U.S.C. § 3730(h). But these amendments have nothing to do with the deficiencies in the First Amended Complaint ("FAC").

There were a number of changes to the FCA put forth in the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21.  Plaintiffs rely upon one of those changes which extends the anti-retaliation provision to actions "in furtherance of an action under [Section 3730] **or other efforts to stop 1 or more violations of this subchapter**."  (Dkt. #12, Pls.' Mem., at 9) (emphasis in original).  The new bolded language is the thrust of Plaintiffs' argument as to why their FCA claim, discovered only after their Virginia and Florida law claims were dismissed, should survive.

Importantly, Plaintiffs never identify their "other efforts to stop 1 or more violations of this subchapter," as required by the FERA amendments.  Thus, the speeches by the various FERA sponsors quoted in Plaintiffs' brief are completely irrelevant.  Plaintiffs acknowledge as much by their statement of the required elements of a retaliation claim.  The stated elements of a retaliation claim are virtually identical in Plaintiffs' and CHSME's briefs.  *Cf.* (Pls. Br., at 10) *with* (CHSME's Br., at 7).  Indeed, Plaintiffs cite **a 1999 case** to identify the elements of a retaliation claim, thereby admitting that the 2009 amendments have nothing to do with Plaintiffs' allegations here.  *See* (Pls.' Br., at 10) (citing *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 866 (4th Cir. 1999)).

The "new" case law cited by Plaintiffs does not change the analysis set forth in CHSME's opening brief.  Indeed, as explained in *Layman v. MET Laboratories,*

*Inc.*, 2013 WL 2237689 (D. Md. May 20, 2013), cited by Plaintiffs, "Post–FERA, courts have continued to hold that internal reporting suffices to put the employer on notice as long as the employee 'specifically [told] the employer that he is concerned about fraud.'" *Id.*, at *9. Moreover, another case cited by *Layman* supports the proposition that "in order to constitute protected conduct, an employee's internal report must specifically allege fraudulent claims for federal funds and not merely address concerns about general misconduct." *Guerrero v. Total Renal Care, Inc.*, 2012 WL 899228, at *5 (W.D. Tex. 2012). Finally, in yet another case cited by the *Layman* court, it stated that "if an employee wants to impute knowledge to the employer for purposes of the second prong of the analysis, he must specifically tell the employer that he is concerned about possible fraud." *U.S. ex rel. George v. Boston Scientific Corp.*, 864 F. Supp. 2d 597, 608 (S.D. Tex. 2012). Here, Plaintiffs never allege any specific violations of the relevant agreement, much less fraud.

Plaintiffs' contention that CHSME made a false certification to the government about the services it provided is factually inadequate. As noted in CHSME's opening papers, Plaintiffs allege that CHSME was bound by the following performance standard in its contract with the Department of State: "Ensure that the HCPs are properly trained and certified prior to arrival in theater and that they stay proficient while providing health care." (FAC, ¶ 14). There is

no certification requirement that is identified or alleged, what the certification requires, that CHSME made a certification, that such certification was false, or that the falsity of the certification, if made, was material. *See generally* (FAC). As such, Plaintiffs' contract performance allegations simply do not rise to the level of an FCA claim. *Glynn v. EDO Corp.*, 710 F.3d 209, 216 (4th Cir. 2013) ("To establish liability under a false certification theory, the plaintiff must show that 'a government contract or program required compliance with certain conditions as a prerequisite to a government benefit, payment, or program; the defendant failed to comply with those conditions; and the defendant falsely certified that it had complied with the conditions in order to induce the government benefit.'").

For all of the foregoing reasons, as well as those set forth in its opening brief, Plaintiffs' FCA claim must be dismissed.

Respectfully submitted, this 19th day of June, 2013.

_/S/_____
Carlos M. Recio, Esq.
Virginia Bar No. 24572
1016 7th Street SE
Washington, D.C. 20003
202-293-5690 (office)
202-543-0770 (fax)
crecio@reciolaw.com

Of Counsel:

Michael A. Sexton
Georgia Bar No. 636489
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
404-876-2700

*Attorneys for Defendant CHS Middle East, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by electronic filing and also by email sent to:

> R. Scott Oswald, Esq.
> Nicholas Woodfield, Esq.
> The Employment Law Group, P.C.
> 888 17th Street, N.W., Suite 900,
> Washington, D.C. 20006
> (soswald@employmentlawgroup.com).

This 19th day of June, 2013.

/s/
Carlos M. Recio, Esq.
Virginia Bar No. 24572
1016 7th Street SE
Washington, D.C. 20003
202-293-5690 (office)
202-543-0770 (fax)
crecio@reciolaw.com